JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
JENELLE GARLAND

**(b)** County of Residence of First Listed Plaintiff: **BURLINGTON**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Neelima Vanguri, Esquire
Sidney L. Gold & Assoc., P.C.
1835 Market St., Suite 515 Phila., PA 19103 215-569-1999

## DEFENDANTS
APPLEBEE'S RESTAURANTS LLC
D/B/A APPLEBEE'S CHERRY HILL

County of Residence of First Listed Defendant: **CAMDEN**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
TITLE VII, NJLAD
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 150,000.00 in excess
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE: 03/05/2018
SIGNATURE OF ATTORNEY OF RECORD: /S/ NEELIMA VANGURI, ESQUIRE

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

JS 44 Reverse (Rev. 06/17)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
  (b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
  (c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(CAMDEN VICINAGE)

| | | |
|---|---|---|
| JENELLE GARLAND, | : | CIVIL ACTION NO.: |
| *Plaintiff*, | : | |
| v. | : | |
| APPLEBEE'S RESTAURANTS LLC d/b/a APPLEBEE'S CHERRY HILL, | : | JURY TRIAL DEMANDED |
| *Defendant.* | : | |

## COMPLAINT AND JURY DEMAND

### I. PRELIMINARY STATEMENT

1. This is an action for an award of damages, attorneys' fees and other relief on behalf of Plaintiff, Jenelle Garland ("Plaintiff Garland"), a former employee of Defendant, Applebee's Restaurants LLC d/b/a Applebee's Cherry Hill ("Defendant"), who has been harmed by the Defendant's discriminatory and retaliatory actions, ultimately resulting in the constructive termination of her employment.

2. This action is brought under Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C. §2000e et seq. ("Title VII"), and the New Jersey Law Against Discrimination, N.J. Stat. §10:5-1 et seq. ("NJLAD").

## II. JURISDICTION AND VENUE

3. The original jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 and the claims are substantively based on Title VII. The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367, to consider Plaintiff Garland's claims arising under the PHRA.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 as a substantial part of the events or omissions giving rise to Plaintiff Garland's claims occurred in this judicial district.

5. All conditions precedent to the institution of this suit have been fulfilled. On November 22, 2017, a Notice of Right to Sue was issued by the United States Department of Justice ("USDOJ"), Civil Rights Division, and this action has been filed within ninety (90) days of receipt of said notices.

6. Plaintiff Garland has satisfied all other jurisdictional prerequisites to the maintenance of this action.

## III. PARTIES

7. Plaintiff, Jenelle Garland ("Plaintiff Garland"), is a twenty two (22) year old female citizen of the State of New Jersey, residing therein at 32 Meetinghouse Court, Shamong, New Jersey 18088.

8. Defendant, Applebee's Restaurants LLC d/b/a Applebee's Cherry Hill corporation duly organized and existing under the laws of the State of New Jersey, maintaining a place of business located at 101 Haddonfield Road, Cherry Hill, New Jersey 08002.

9. At all times relevant hereto, Defendant was acting through its agents, servants, and employees, who were acting within the scope of their authority, course of employment, and under the direct control of the Defendant.

10. At all times material herein, the Defendant has been a "person" and "employer" as defined under Title VII and the NJLAD and has been, and is, subject to the provisions of each said Act.

## IV.   STATEMENT OF FACTS

11. Plaintiff Garland, a twenty (20) year old female, was employed by the Defendant from on or about March 20, 2014 until on or about November 19, 2016, the date of her unlawful termination.

12. During the course of her employment with the Defendant, Plaintiff Garland held the positions of Host, and Sever. At all times, Plaintiff Garland maintained a satisfactory job performance rating in said capacities.

13. As a Host and Sever, Plaintiff Garland's immediate supervisor was Shawn Dougherty ("Dougherty"), Manager, a thirty-two (32) year old male.

14. Shortly after commencing employment, Dougherty, a significantly older male, began abusing his power and subjecting Plaintiff Garland to a hostile work environment through various instances of uninvited and unwanted sexually-offensive remarks and physical conduct.

15. By way of example, in or around May and June of 2014, Dougherty made remarks towards Plaintiff Garland such as, "You look so sexy today," and "Wow, I would fuck you if you weren't with Anthony," referencing Plaintiff Garland's boyfriend.

16. Throughout the rest of 2014, Dougherty continued to make said sexually offensive remarks. As further sexual harassment, Dougherty repeatedly asked Plaintiff Garland to "hang out" outside of work, specifically, without her boyfriend. Plaintiff Garland always rejected Dougherty's requests to "hang out" and expressed her intention for their relationship to remain strictly professional.

17. In or around February of 2015, Dougherty began to escalate his sexually offensive remarks by sharing his sexual fantasies with Plaintiff Garland. Specifically, Dougherty informed Plaintiff Garland that he wanted her to "beat [him] up" in leggings and a black bra. Furthermore, Dougherty tried to coerce Plaintiff Garland to beat him up by saying, "It would be just like you're on the beach; you'd actually be wearing more clothes than on the beach. Please, I need this, Jenelle." Plaintiff Garland refused to engage in said conversations, thereby evidencing her disinterest in anything more than a professional relationship.

18. In or around March of 2015 and continuing through June of 2015, Dougherty would repeatedly ask Plaintiff Garland to "hang out" outside of work. In response, Plaintiff Garland repeatedly rejected Dougherty's requests.

19. During the same period of March through June of 2015, Dougherty repeatedly called Plaintiff Garland to tell her he loved her, and begged her to "beat [him] up and pin [him] down," in accordance with his sexual fantasies.

20. Beginning in or around July of 2015 through December of 2015, Dougherty escalated his sexually offensive physical conduct by touching Plaintiff Garland's hips and trying to hug her when she was alone. Furthermore, Dougherty repeatedly texted Plaintiff

Garland, "I miss you, please come back" and "Let's drink tonight at my place." Plaintiff Garland rejected Dougherty's invitations and again expressed her intentions for their relationship to remain strictly professional.

21.     In or around January of 2016, Dougherty frequently texted Plaintiff Garland about his sexual fantasies involving her. Dougherty opined that he wanted Plaintiff Garland to get on top of her and kiss him, while he grabbed her breasts and buttocks, and said "the rest is up to you." In response, Plaintiff Garland requested that Dougherty cease sending her explicit text messages. Dougherty, however, refused to cease sending Plaintiff Garland explicit text messages because he "needed" her and a "prescription of [her] ass on [him] in leggings and a black bra."

22.     In or around February of 2016, Dougherty requested that Plaintiff Garland accompany him to get drinks. Plaintiff Garland refused. In response, Dougherty became upset.

23.     On or about March 17, 2016, Dougherty texted Plaintiff Garland expressing his desire to engage in a three-way sexual relationship with Plaintiff Garland and her friend. Dougherty informed Plaintiff Garland that he wanted to spend the rest of [his] night with [Plaintiff Garland and her friend]. He additionally inquired the following: "You and Ashley feel like sharing an old chubby guy."

24.     In or around April or May of 2016, Vick Rosenowski ("Rosenowski"), General Manager, witnessed Dougherty hugging Plaintiff Garland and placing his arm around her waist. Despite witnessing Dougherty's sexual harassment of Plaintiff Garland,

Rosenowski failed to investigate or otherwise cause Dougherty's conduct towards Plaintiff Garland to cease.

25. In or around July of 2016, John McMillan ("McMillan"), Manager in Training, made a joke about Plaintiff Garland and Dougherty "getting together," thereby evidencing his knowledge of Dougherty's conduct towards Plaintiff Garland. McMillan failed to investigate or otherwise cause Dougherty's conduct towards Plaintiff Garland to cease.

26. In or around July of 2016, Plaintiff Garland registered a formal Plaintiff Garland of sexual harassment with Drew Chiccini ("Chiccini"), Manager. In response, Chiccini said "you know Shawn, that's how he is," thereby indicating his refusal to cause Dougherty's sexual harassment of Plaintiff Garland to cease.

27. In or around October of 2016, Dougherty texted Plaintiff Garland "I miss you and need your body and those soft looking lips right now."

28. On or about October 8, 2016, Dougherty continued to text Plaintiff Garland about his sexual fantasies, saying "If it was my dream you'd lose to her" referring to Plaintiff Garland engaging in a fight with another woman. Dougherty continued, "I find it sexy when the bigger, stronger and sexier chick loses."

29. On or about October 15, 2016, Dougherty informed Plaintiff Garland over text message that he "couldn't get hard" while engaging in sex with his girlfriend. Dougherty followed up on this text message, saying "I need you in leggings."

30. On or about November 2, 2016, Dougherty texted Plaintiff Garland to "just come over" and "I want to make out with you."

31. On or about November 19, 2016, the Defendant abruptly terminated Plaintiff Garland's employment, allegedly due to being late to work three (3) times in three (3) months. However, similarly-situated employees who had not complained of sexual harassment were not terminated for lateness.

32. On or about November 30, 2016, Dougherty continued texting Plaintiff Garland to beg her to "please meet up" and "beat [him] up." Dougherty said "I will flat out be your bitch! Please…If you want to knock me out I will let you, if you want me to tap out I will, if you want me to beg I will. Whatever you want you will get." In response, Plaintiff Garland refused, and contacted Dougherty's girlfriend, Nicole LNU ("Nicole"), Bartender, and informed her of Dougherty's sexual harassment.

33. Approximately one week later, the Defendant further retaliated against Plaintiff Garland and permanently banned her from the Defendant's location, allegedly due to "messing with their sales."

34. Plaintiff Garland believes and avers that the Defendant's articulated reason for her termination and permanent ban was pretextual and that she was actually terminated and banned in retaliation for opposing unlawful sexual harassment in the workplace.

### COUNT I
**(Title VII - Hostile Work Environment, Sexual Harassment, Retaliation)**
**Plaintiff Garland v. the Defendant**

35. Plaintiff Garland incorporates by reference paragraphs 1 through 34 of this Complaint as though fully set forth at length herein.

36. The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff Garland to hostile work environment sexual harassment and retaliation for opposing unlawful sexual harassment in the workplace, ultimately resulting in Plaintiff Garland's constructive termination, constituted a violation of Title VII.

37. As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of Title VII, Plaintiff Garland sustained permanent and irreparable harm, resulting in her loss of employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay, and interest due thereon.

38. As a further direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of Title VII, Plaintiff Garland suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT II
### (NJLAD - Hostile Work Environment, Sexual Harassment, Retaliation)
### Plaintiff Garland v. the Defendant

39. Plaintiff Garland incorporates by reference paragraphs 1 through 38 of this Complaint as though fully set forth at length herein.

40. The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff Garland to hostile work environment sexual harassment and retaliation for opposing unlawful sexual harassment in the workplace, ultimately resulting in Plaintiff Garland's constructive termination, constituted a violation of the NJLAD.

41.     As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the NJLAD, Plaintiff Garland sustained permanent and irreparable harm, resulting in her loss of employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay, and interest due thereon.

42.     As a further direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the NJLAD, Plaintiff Garland suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## PRAYER FOR RELIEF

43.     Plaintiff Garland incorporates by reference paragraphs 1 through 42 of this Complaint as though fully set forth at length herein.

**WHEREFORE**, Plaintiff Garland requests that this Court enter judgment in her favor against the Defendant and Order that:

a.      Defendant compensate Plaintiff Garland for the wages and other benefits and emoluments of employment lost, because of its unlawful conduct;

b.      Defendant compensate Plaintiff Garland with an award of front pay, if appropriate;

c.      Defendant pay to Plaintiff Garland punitive damages, liquidated damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses as allowable;

    d.    Defendant pay to Plaintiff Garland pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

    e.    The Court award such other relief as is deemed just and proper.

### JURY DEMAND

Plaintiff Garland demands a trial by jury.

                  **SIDNEY L. GOLD & ASSOCIATES, P.C.**

By:   /s/ Neelima Vanguri, Esquire
        NEELIMA VANGURI, ESQUIRE
        N.J. I.D. No.: 028122009
        1835 Market Street, Suite 515
        Philadelphia, PA 19103
        (215) 569-1999
        *Attorney for Plaintiff*

DATED:  March 5, 2018

## VERIFICATION

I hereby verify that the statements contained in this **Complaint** are true and correct to the best of my knowledge, information and belief.

DATE: 2/16/18

JENELLE GARLAND, PLAINTIFF